WR-82,467-01
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 12/14/2015 10:24:00 AM
Accepted 12/14/2015 10:34:18 AM
ABEL ACOSTA
CLERK

CAUSE NOS. F99-02631-R, F00-01305-R
WRIT NOS. W99-02631-R(A) and W00-01305-FR(B)

EX PARTE                              §       IN THE DISTRICT COURT OF
                                      §
RECEIVED
COURT OF CRIMINAL APPEALS
12/14/2015
ABEL ACOSTA, CLERK
                                      §
                                      §
                                      §       203RD JUDICIAL DISTRICT
STANLEY ORSON MOZEE                   §
and                                   §
DENNIS LEE ALLEN                      §       DALLAS COUNTY, TEXAS


IN THE COURT OF CRIMINAL APPEALS
FOR THE STATE OF TEXAS
AUSTIN, TEXAS


EX PARTE                              §
                                      §
                                      §       NO. WR-56,666-03
                                      §
                                      §
DENNIS LEE ALLEN                      §


IN THE COURT OF CRIMINAL APPEALS
FOR THE STATE OF TEXAS
AUSTIN, TEXAS


EX PARTE                              §
                                      §
                                      §       NO. WR-82,467-01
                                      §
                                      §
STANLEY ORSON MOZEE                   §


**SUPPLEMENTAL INFORMATION IN SUPPORT OF
APPLICATIONS FOR WRITS OF HABEAS CORPUS**

**TO THE HONORABLE JUDGES OF SAID COURT:**

**NOW COMES** DENNIS LEE ALLEN and STANLEY ORSON MOZEE,

Applicants, and submit this Supplemental Information in Support of Applications for Writs

of Habeas Corpus and would show the following:

I.

This supplemental information is contained in the attached letter to counsel from the Dallas County District Attorney's Office. This letter is a *Brady* notice of additional suppressed exculpatory evidence located by the Dallas County District Attorney's Office Conviction Integrity Unit.

II.

This information should be further developed in a hearing before the trial court. Applicants request that the Court of Criminal Appeals issue a remand order so that this evidence can be fully developed.

Respectfully submitted,


___/s/ Gary A. Udashen___
GARY A. UDASHEN
Bar Card No. 20369590

BRUCE ANTON
Bar Card No. 01274700

SORRELS, UDASHEN & ANTON
2311 Cedar Springs Road
Suite 250
Dallas, Texas 75201
214-468-8100
214-468-8104 fax
Appearing on Behalf of the
Innocence Project of Texas

*Counsel for Dennis Lee Allen*

_/s/ Nina Morrison_____

NINA MORRISON
INNOCENCE PROJECT, INC.
40 Worth Street, Suite 701
New York, New York   10013
212-364-5340
212-264-5341 fax


_/s/ Ezekiel Tyson, Jr._____

EZEKIEL TYSON, JR.
Bar Card No. 24034715
THE TYSON LAW FIRM
342 W. Montana Avenue
Dallas, Texas  75224
214-942-9000
214-942-9001 fax

*Counsel for Stanley Orson Mozee*

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of December, 2015, a true and correct copy of the above and foregoing Applicants' Supplemental Information in Support of Applications for Writs of Habeas Corpus was hand-delivered and electronically delivered to the Dallas County District Attorney's Office.

_/s/ Gary A. Udashen_____

GARY A. UDASHEN



SUSAN HAWK
CRIMINAL DISTRICT ATTORNEY
DALLAS COUNTY, TEXAS

December 11, 2015

<u>**Via Electronic Mail**</u>

Mr. Gary Udashen
2311 Cedar Springs Road, Suite 250
Dallas, TX 75201
gau@sualaw.com

Ms. Nina Morrison
Innocence Project, Inc
40 Worth St., Suite 701
New York, NY 10013
nmorrison@innocenceproject.org

Re: Stanley Mozee; W99-02631(A) and Dennis Allen; W00-01305(B)

Dear Gary and Nina:

After post-conviction discovery of the DA trial file took place and after the Court of Criminal Appeals remanded the above-referenced cases for findings regarding the agreed *Brady* claim, our office continued its investigation into whether additional *Brady* information was suppressed by the State. During our investigation, we interviewed numerous witnesses and obtained various documents that were not part of the original DA trial file.

As we have previously discussed, our investigation combined with further extensive review of the file as a whole has revealed additional exculpatory and impeachment evidence, all of which should have been, but does not appear to have been, timely disclosed by the trial prosecutor to Mozee and Allen's trial counsel. We have also discovered information and/or evidence that may impeach the trial prosecutor's testimony admitted during the recent writ hearing conducted pursuant to the Court of Criminal Appeals' remand order. As a result, this letter is meant to constitute a *Brady* Notice regarding the following specific information:

1. Undisclosed impeachment evidence pertaining to various informants:

- Manning and Degraftenreed
  We recently provided you with portions of the probation files of Charles Manning and Alvin Degraftenreed. We obtained the records in response to the trial prosecutor's testimony regarding whether he suppressed impeachment evidence concerning these two informants. In short, the probation records constitute additional proof separate and apart from the trial prosecutor's hand written note (Defense Exhibit 17) that both informants received assistance from the State prior to their testimony in the Allen case. Manning's records also contain other impeachment evidence indicating that at the time he was providing information regarding Mozee and Allen to law-

enforcement, he was addicted to crack/cocaine, drinking heavily and suffering from bipolar disorder. He was also simultaneously acting as an informant in another ongoing murder investigation.

It is important to note that we obtained and provided you with only portions of the probation files for these two informants. It is possible there may be additional exculpatory and impeachment evidence in the files. As such, you can and should subpoena the entire files from the probation department for your review.

* Hardeman
We also recently provided you with transcripts of Lonel Hardeman's guilty pleas on March 30, 2000 and November 6, 2000. The transcripts appear to indicate two important events occurred. First, Hardeman received assistance from the State prior to his testimony. Second, the trial prosecutor was actively assisting Hardeman with his criminal cases after Hardeman's testimony contrary to what the trial prosecutor testified to during the writ hearing in these cases.

We have also recently discovered that in January 1999, Hardeman received assistance from the State in one of his earlier criminal cases prior to providing testimony for the State. More specifically, Hardeman was released from the Dallas County Jail at the direction of Officer Penrod in order to assist law-enforcement in a separate murder investigation. Our office is continuing to investigate Hardeman's role in the investigation and prosecution of the murder case. In the meantime, we are attaching relevant copies of Hardeman's DA trial file.

2. Undisclosed Impeachment Evidence Pertaining to ID witness:

Both the DPD investigative file and the DA trial file contain information that a witness identified Allen in a photo lineup as the person who attempted to use the complainant's stolen credit card shortly after the murder. The trial prosecutor's notes specifically indicate that the prosecutor intended to call the witness to testify in Mozee's first trial. On the first day of Mozee's trial, June 26, 2000, the trial prosecutor even documented that Judge Dean "swore the witness in." However, the witness was never called to testify in either trial and there is nothing recorded in the DA trial file indicating why the witness did not testify-nor is there any indication that the trial prosecutor disclosed to the defense why the witness was not called by the State.

We recently located and interviewed the witness. According to the witness, the witness appeared in court and met with who he believes was the trial prosecutor. However, after being shown two photo lineups and after picking who he believes was the "wrong person," both times the witness was told he was no longer needed and was subsequently released from the courthouse. Attached to this letter are copies of the trial prosecutor's notes regarding this witness.

As previously mentioned, we are continuing to investigate these cases. Should any additional information come to light, this notice will be promptly supplemented. In the meantime, please let me know if you have any questions.

Sincerely,

PATRICIA CUMMINGS
Assistant District Attorney
Conviction Integrity Unit
Dallas County, Texas

PC/jnp
Encl.

4-5-99 JT                                      David Pickett

1-21-99 Plea

BOX# 211722
YEAR: 1909
LOC 23-0360-1

Clark

Defendant *Hardeman Senil Jr*
Charge *Theft Enh*                    Ind./Info. No. *F98-11179*
Review Recommendation
Date of Dispo. or Event *4/5/99* Date Exam. Tr._____ Date Ind. Waived_____
Lead Pros. *Clark*                    Asst. Pros._____

| TYPE OF TRIAL | DISPOSITION | SENTENCE |
|---|---|---|
| ___ Jury - N.G. Plea | _✗_ Guilty-Felony | By Jury _✗_ By Ct. |
| ___ Jury - G. Plea | ___ Guilty-Misd. | ___ yrs. ___ mos. ___ days |
| ___ Sanity | ___ Not Guilty | ___ T.D.C. ___ Jail ___ Prob. ___ Def.Adj. |
| _✗_ Ct. - G. Plea | ___ Inst. Verdict | Length Prob. ___ yrs. ___ mos. |
| ___ Ct. - N.G. Plea | ___ Dismissed | Fine - Amt. ___ Restit. - Amt. |
| | ___ Ind. Quashed | Date Prob. Rev. |
| | ___ Mistrial | |
| | ___ Hung Jury | |

Northland Park

10-5-98

| DEF. ATTY.: | | |
|---|---|---|
| RECOMMENDATION | FINAL DATE | ASST. D.A. |
| 400d+750 pro | 11-4-98 | |
| | | |
| | | |

F 86-92029 - VR

26⁵ᵗʰ

Poss Cont Sub

Some

11-28-88 (104/20)

1-20-99 PC from Penrod (DPD) this will be able to assist him in murder case of this test. Needs him out to ride him around to look for wits. RPO

MP9260312H
Theft 20
LCC #7
PGBC 10/08/92
60 days

MP9159312K
Theft 20
LCC #9
PGBC 10/15/91
30 days

SARS Roof Vooork – Dump Put-24

6/2/00 Sang Kwoon Cader in  # 214-748-4808

6/26/00 (H) 972-423-7371        Seton in By Jose A
        (W) 214-748-4808
        (Cu) 972-978-9117